# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GLENFORD KENNARD HYATT, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 1:21-CV-0221 |
| M&T BANK, | ) |
| Defendant. | ) |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS M&T BANK AND LAKEVIEW LOAN SERVICING, LLC'S MOTION TO DISMISS

COME NOW Defendants M&T Bank ("M&T") and Lakeview Loan Servicing, LLC ("Lakeview") (collectively, "Defendants"), by and through their undersigned counsel, and pursuant to Rule 12 of the Federal Rules of Civil Procedure, file this memorandum of law in support of their motion to dismiss all claims asserted by Plaintiff Glenford Kennard Hyatt ("Plaintiff") against Defendants[1], stating as follows:

---

[1] Plaintiff identifies only M&T as a defendant in the caption of his Complaint, and the body of the Complaint likewise references only M&T. However, Plaintiff's Complaint does identify Lakeview Loan Servicing LLC ("Lakeview") as an "[a]dditional [d]efendant[]" in one place. (*See* Compl., p. 3.) The docket does not reflect that a summons has been issued to Lakeview, nor does Lakeview have any record of being served in this matter. Therefore, it is unclear whether Lakeview is intended to be a part of this lawsuit. However, out of an abundance of caution, Lakeview joins this motion. The arguments made herein for dismissal apply equally,

## I. INTRODUCTION

Plaintiff has filed a Complaint against M&T for alleged violations "of the FCRA [Fair Credit Reporting Act] and the FDCPA [Fair Debt Collection Practices Act]," stating that M&T has continued "to harass, dishonor, and violate [his] federally protected consumer rights." (Compl.) As support, Plaintiff states only that he has "sent several affidavits to settle" his mortgage account with M&T, but that M&T has "never responded under penalty of perjury" to his correspondence.[2] (*Id.*) Plaintiff claims that he has "been a victim of M&T since May of 2020" as he has "exhaustively attempted to reach a formal settlement with [M&T]" since that time. (*Id.*)

As demonstrated herein, Plaintiff's Complaint is an improper shotgun pleading because it fails to articulate any causes of action "with sufficient clarity to allow [Defendants] to frame a responsive pleading." *Lampkin-Asam v. Volusia Cty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) (per curiam) (unpublished) (citations omitted). Specifically, Plaintiff purports to assert FCRA and FDCPA

---

if not greater, to any claims that Plaintiff may be seeking to assert against Lakeview, given that Lakeview is not mentioned anywhere in the body of the Complaint.

[2] M&T denies that it failed to respond to Plaintiff's alleged correspondence and reserves that issue should this matter proceed beyond the motion to dismiss stage.

45011705 v1

2

claims, but never ties any factual allegation to either statute – much less explain how Defendants' conduct somehow constitutes a violation of those statutes. "Even under Fed. R. Civ. P. 8(a)'s notice pleading provision and the liberal interpretation given to *pro se* pleadings, a complaint must include allegations respecting all material elements of all claims asserted; bare legal conclusions attached to a narrative of facts will not suffice." *Martinez v. City of Orlando*, No. 6:09-cv-802-Orl-22GJK, 2009 WL 3048486, at *5 (M.D. Fla. Sept. 21, 2009). "[B]are legal conclusions attached to a narrative of facts" is a generous description of what Plaintiff has filed with the Court. And for this reason alone, his Complaint is due to be dismissed.

Even if that were not the case, Plaintiff's stated FCRA and FDCPA claims also substantively fail as a matter of law. Specifically, there is no claim under the FCRA for a furnisher's alleged failure to respond to settlement correspondence. There is likewise no such claim under the FDCPA, and Plaintiff has also failed to sufficiently plead the threshold allegation that either defendant is a "debt collector" subject to liability under the Act. For these additional substantive reasons, Plaintiff's Complaint is also due to be dismissed.

## II. MOTION TO DISMISS STANDARD

Under Fed. R. Civ. P. 12(b)(6), the Court must dismiss Plaintiff's claims if, accepting the allegations as true, they fail to state facts that support a claim for

relief. In reviewing a complaint, the Court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 556-57, 570).

### III. ARGUMENT

**A.** **Plaintiff's Complaint is Due to be Dismissed as an Impermissible Shotgun Pleading.**

Plaintiff's Complaint should be dismissed for the preliminary reason that it is an improper shotgun pleading. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015); *see also Frantz v. Walled*, 513 F. App'x 815, 821 (11th Cir. 2013) (dismissing complaint as a shotgun pleading because there was "no

logical connection between the conclusory statements of legal violations and the factual allegations" and because of the complaint's "failure to link factual allegations to specific counts").

The Eleventh Circuit has identified four "categories of shotgun pleadings" as follows:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Weiland*, 792 F.3d at 1322-23 (footnotes omitted).

Plaintiff's Complaint falls under both the second and third categories of a shotgun pleading. It opens with the conclusory statement that "M&T [] is in violation of the FCRA and the FDCPA" – the only time either statute (or any potential cause of action) is mentioned. (Compl.) Plaintiff then sets forth a vague

narrative about M&T's alleged failure to respond to his settlement correspondence. At no point, however, does Plaintiff connect M&T's alleged failure to either the FCRA or the FDCPA -- much less explain how M&T's conduct violated those statutes. Nor does Plaintiff ever mention Lakeview. The end result – as with any shotgun pleading – is that Defendants are forced to defend a lawsuit without adequate notice of the claims asserted against them or the basis for those claims.

The Eleventh Circuit has repeatedly condemned shotgun pleadings of this sort. *See Weiland*, 792 F.3d at 1321 (canvassing this Court's "thirty-year salvo of criticism aimed at shotgun pleadings" and observing "there is no ceasefire in sight"); *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1125 n.2 (11th Cir. 2014) (citing twenty-one published opinions condemning shotgun pleadings); *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 n.9 (11th Cir. 2002) ("This court has addressed the topic of shotgun pleadings on numerous occasions in the past, often at great length and always with great dismay."). And for good reason – they "exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." *Cramer v. State of Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997).

District courts are authorized to dismiss shotgun pleadings as part of their inherent authority to control their dockets and ensure the prompt resolution of lawsuits. *See Rice v. Seterus, Inc.*, No. 7:17-CV-00732-RDP, 2018 WL 4052180, at *2 (N.D. Ala. Aug. 24, 2018). When faced with a shotgun pleading, a district court "should strike the [pleading] and instruct counsel to replead the case—if counsel could in good faith make the representations required by Fed. R. Civ. P. 11(b)." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018) (citation omitted); *see also Rice*, 2018 WL 4052180, at *2. Here, Plaintiff's shotgun Complaint should be dismissed without an opportunity to re-plead because (as demonstrated below), his claims also substantively fails as a matter of law.

**B.     Plaintiff's Claims Substantively Fail as a Matter of Law.**

### 1.     Plaintiff Has Not Stated (and Cannot State) a FCRA Claim.

Because of the shotgun nature of Plaintiff's Complaint, it is difficult to discern the basis for his alleged FCRA violation. But under any theory, a FCRA claim cannot stand. For starters, there is no FCRA provision that requires a creditor to respond to a consumer's settlement correspondence and, consequently, no corresponding violation for failure to do so. *See generally*, 15 U.S.C. § 1681, *et seq.* Thus, to the extent Plaintiff purports to base his FCRA claim on the sole allegation

in his Complaint – that M&T failed to respond to his settlement correspondence – it necessarily fails as a matter of law.

If Plaintiff contends that his FCRA claim is based upon an allegation that M&T inaccurately reported his debt to credit reporting agencies, that theory likewise fails. As a preliminary matter, Plaintiff's Complaint does not at any point allege that M&T inaccurately reported his debt. But even if it had, it is well-settled that the FCRA (and § 1681s-2(a) in particular) provides no private right of action against furnishers for merely reporting inaccurate credit information. *See Bruce v. Homeward Residential, Inc.*, No. 1:14-cv-3325-MHC-AJB, 2015 WL 5797846, at *8 (N.D. Ga. Aug. 31, 2015) (citations omitted); *see also* 15 U.S.C. § 1681s-2(a).

For these additional reasons, Plaintiff's FCRA claim is due to be dismissed with prejudice.

### 2. Plaintiff Has Not Stated (and Cannot State) a FDCPA Claim.

To properly state a FDCPA claim, this Court has held that a plaintiff must sufficiently demonstrate (1) that he/she has been the subject of consumer collection activity; (2) that the defendant is a debt collector as defined by the FDCPA; and (3) that the defendant has engaged in conduct prohibited by the FDCPA. *See Smith v. Specialized Loan Servs., LLC*, No. 1:17-cv-02940-LMM-RGV, 2018 WL 4856039,

at *12 (N.D. Ga. Jul. 19, 2018) (citations omitted). Here, Plaintiff's Complaint fails all three prerequisites, but especially the second and third.

Specifically, Plaintiff does not allege a single fact suggesting that either defendant is a "debt collector" subject to liability under the FDCPA. His Complaint does not even mention the term "debt collector" or reference in any way the FDCPA's definition of a "debt collector" – much less plead facts that could plausibly satisfy that definition. Because Plaintiff has failed to make the threshold showing that Defendants are "debt collectors" subject to liability under the FDCPA, his FDCPA claim necessarily fails as a matter of law and is due to be dismissed. *See Thornton v. Nationstar Mortg. LLC*, No. 1:17-cv-3771-WSD-JKL, 2017 WL 9477733, at *3 (N.D. Ga. Nov. 8, 2017 (citing *Davidson v. Capital One Bank (USA), N.A.*, 797 F.3d 1309, 1313 (11th Cir. 2015)).

Further, Plaintiff's Complaint does not allege any facts suggesting that Defendants engaged in behavior prohibited by the FDCPA. Indeed, Plaintiff's sole allegation is that M&T failed to respond to his settlement correspondence. As with the FCRA, however, there is no FDCPA provision that requires a creditor to respond to a consumer's settlement correspondence and, consequently, no statutory violation for failing to do so. *See generally*, 15 U.S.C. § 1692, *et seq.* For this additional reason, Plaintiff's FDCPA claims fails as a matter of law and is due to be dismissed.

45011705 v1

9

## IV. CONCLUSION

Based on the foregoing, Plaintiff's Complaint fails to properly state a claim and is due to be dismissed with prejudice.

Respectfully submitted, this 9th day of February, 2021.

*/s/ Rachel R. Friedman*
Rachel R. Friedman
Georgia Bar No. 456493
rfriedman@burr.com

BURR & FORMAN, LLP
171 Seventeenth Street, NW, Suite 1100
Atlanta, Georgia 30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244
Attorney for Defendants M&T BANK & LAKEVIEW LOAN SERVICING, LLC

# CERTIFICATION OF COUNSEL

I hereby certify that the foregoing document has been prepared with Times New Roman, 14 point font, one of the font and point selections approved by the Court in LR 5.1C.

                                                        */s/ Rachel R. Friedman*
                                                       Rachel R. Friedman
                                                       Georgia Bar No. 456493
                                                       rfriedman@burr.com

BURR & FORMAN LLP
171 Seventeenth Street, NW, Suite 1100
Atlanta, Georgia 30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 9, 2021, the foregoing document was mailed via First Class U.S. Mail, postage prepaid, to the following:

Glenford Kennard Hyatt
4480 S. Cobb Drive
Suite H, Box 558
Smyrna, GA 30080

                              */s/ Rachel R. Friedman*
                              Rachel R. Friedman
                              Georgia Bar No. 456493
                              rfriedman@burr.com