UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

FEB 22 2021

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

Glenford Kennard Hyatt,  )
                          )
         Plaintiff,       )
                          )  CASE NO. 1:21-CV-0221
v.                        )
                          )
                          )
M&T Bank,                 )
Lakeview Loan Servicing LLC. )

## AMENDED COMPLAINT

COME NOW Glenford Kennard Hyatt ("Plaintiff") and pursuant to Rule 15(a) of the Federal Rules for Civil Procedure, hereby amend the complaint filed by the Plaintiff on the 14th day of January 2021. Notice, upon discovery and being that the Plaintiff am now mature to read and comprehend my consumer credit protection rights; whereby the Plaintiff has broken prior tradition of non-questioning transactions due to ignorance or fear; whereby breaking tradition the Plaintiff has invoked their consumer right to ask questions relating to transactions nunc pro tunc, meaning now for then, the Plaintiff comes forth by special appearance invoking my right to dispute any validity of any debt obligation or alleged debt obligation arising from a transaction in commerce between Glenford Kennard Hyatt ("Plaintiff") and

1

Signed This 22 day of February 2021.
_____
Plaintiff, Glenford Kennard Hyatt

the Defendant(s) M&T Bank and Lakeview Loan Servicing LLC. The claims for this case are as follows:

## I. STATEMENT OF CLAIM(S)

1. Plaintiff is now noticing by claim and billing M&T Bank for unreasonable offering and solicitation; by way of not providing full disclosure for the fitness, performance, and attributes pertaining to the original transactions whereby The Plaintiff never received full disclosure for the reasonable attributes & performance pertaining to oral, written, or video transcription stating the nature and cause for matters in relation with M&T Bank & Lakeview Loan Servicing LLC and the Plaintiff, the Plaintiff defines the dispute as a simple direct request for verification of an obligation of debt, or an alleged obligation of debt arising from any transaction M&T Bank accessors and assigns.

2. Plaintiff is now noticing by claim that direct request for validation of a debt obligation has been served, with verified first class mail delivery, to M&T Bank over 6 times, as stated in EXHIBITS A, B,C,D,E,F,G,H, and EXHBIT I that were filed for this case on the 19th day of January 2021. M&T Bank's frivolous responses to said request did not include any real parties of interest and extended beyond 120 days of time to properly respond to this requests;

Signed This 22 day of February 2021.
_____
Plaintiff, Glenford Kennard Hyatt

for these reasons, the Plaintiff claims M&T Bank at default in the matter of the request of direct validation of an alleged debt obligation between The Plaintiff and the Defendant M&T Bank.

3. Plaintiff is now noticing by claim that, unless rebutted, the consumer transaction origination between the Plaintiff and M&T Bank be null and void due to non-reasonable responses after 10 attempts to set off or settle any obligation of debt (defined in exhibits filed with the court), therefore M&T Bank had ample and reasonable time to respond and the Plaintiff, as a consumer, have articulated cause of action being the Plaintiff never received full disclosure for the fitness, performance, and attributes pertaining to the original consumer transaction, nor did the Plaintiff receive an affidavit of loss promissory note giving M&T Bank proper time to verify any direct true obligation of debt.

4. Plaintiff is now noticing by claim that pursuant research and development, the Plaintiff gained acknowledgement and interpretation of an action containing 4 parts: <u>General</u>, which would be the transaction creating a debt; <u>Specific</u>, which would be the Plaintiff's request for direct verification of an alleged debt obligation; <u>Juristic</u>, which would be I, the Plaintiff, and real party of interest, having evidence of a meeting of the minds; <u>Proscribed</u>, which would be I, the Plaintiff, have provided promissory notes, notices for

Signed This 22 day of February 2021.

_____
Plaintiff, Glenford Kennard Hyatt

settlement, set off, and counter claim to any alleged obligation of debt and that I conditionally accept any obligation of debt be it someone of real party of interest, being a non-3rd party interloper, provides signature under penalty of perjury.

## II. CAUSE OF ACTION

Action: Negligence, Failure to act reasonable;

Cause: Violations of I, the Plaintiffs, consumer rights, pursuant Title 15 USC 1601, Title 15 USC 1602j, Title 15 USC 1692c (in general by negligence of non-response), pursuant Title 15 USC 1692j (furnishing certain deceptive forms), as, when questioned, Defendant M&T Bank did not act reasonably or respond adequate; nor rectify the situation or offer any remedy; nor supply any relevant data requested under penalty of perjury; whereby IAW 1692c(d) I, the Plaintiff, act as administrator.

## III. DEFENDANTS IN COMPLAINT

The Plaintiff's notice by update and codicil as their will, I, the Plaintiff, now provide proof of claim by certificate of service that I have now served/processed, through First Class Registered Mail with the United States Postal Service, detailing the body of complaint implicating all parties at this be my notice of mistake for the material mistaking fact whereby my intent and purpose was to include both parties, M&T Bank and Lakeview Loan Servicing LLC, specifically.

4

Signed This 22 day of February 2021.

Plaintiff, Glenford Kennard Hyatt

## IV. **RELIEF**

I, the Plaintiff, allege and offer opportunity to cure prior allegations of fault, fault meaning Defendant M&T Bank be in fault providing non- response accompanying sworn statement under penalty of perjury; I, the consumer in fact am defined as the administrator, executor; and have sent over 10 presentments for settlement; Therefor my threshold has been exhausted by my evidence of administrative process, I have exhausted my remedy for settlement with M&T Bank and this is why I have asserted claims in federal court; Claim for relief in the amount of 50,000 USD, free and clear title of all property I, the Plaintiff, have claim to, and proper allodial land patent. Since this debt is in dispute, The Plaintiff demands all payments pursuant to Title 15 U.S. Code 1692 ( h ), as the consumer, be re-direct back to The Plaintiff, the consumer, until the Defendant verifies the claim. If they do verify the claim, The Plaintiff has already issued a negotiable instrument that can be used to discharge the obligation of the debt. The Plaintiff, therefore, motions for a resignation of signature for good cause until the defendant can show proper validation of alleged debt obligation. The Plaintiff will seek further damages be it any 3rd party interloper provides frivolous response without declaration under penalty of perjury of the alleged debt.

5

Signed This 22 day of February 2021.

Plaintiff, Glenford Kennard Hyatt

# CERTIFICATE OF SERVICE

I hereby certify that on February 22nd, 2021, the foregoing document was mailed via First Class Registered Mail to the following:

Rachel R. Friedman
BURR & FORMAN LLP
171 Seventeenth Street, NW, Suite 1100
Atlanta, Georgia 30363

Rene F. Jones
M&T Bank Legal Document Processing
P.O. Box 844
Buffalo, NY 14240-0844

Julio Aldecocea
Lakeview Loan Servicing LLC
4425 Ponce de Leon Blvd,
MS 5-251
Coral Gables, FL 33146

/s/     Glenford Hyatt     .
Attorney of Fact, Propria Persona
Glenh4480@Gmail.com

Signed This 22 day of February 2021.
_____
Plaintiff, Glenford Kennard Hyatt



| | |
|---|---|
| **Glenford Kennard Hyatt,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) CASE NO. 1:21-CV-0221 |
| v. | ) |
| | ) |
| **M&T Bank,** | ) |
| **Lakeview Loan Servicing LLC.** | ) |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS AMENDED COMPLAINT

Pursuant to Rule 15 of the Federal Rules for Civil Procedure, the amended complaint filed by I, the Plaintiff, now also file this memorandum of law in support of the amended complaint and serve as a response to the Defendants motion to dismiss all previous claims asserted by the Plaintiff.

## I. INTRODUCTION

Notice, upon further discovery and research, the claims made by the Plaintiff have a clear cause of action and do not fall under any of the 4 categories of a shotgun pleading. Notice, the Defendants' filed motion to dismiss correlates with the second definition of a shotgun pleading since the Defendant M&T Bank does not have a lawful rebuttal to all of the Plaintiffs claims. The Defendant M&T Bank has not

1
Signed This _22_ day of February 2021.

_____
Plaintiff, Glenford Kennard Hyatt

responded to any of the, verified mail delivered, filed exhibits (that has confirmed mailing receipts of over 120 days) under penalty of perjury, therefore they've shown no rebuttal to such evidence, or validation of the alleged obligation of a debt. Therefore, their response to dismiss the case seems slanderous and correlates with the second definition of a shotgun pleading. Furthermore, I, the Plaintiff, now mature to read and comprehend my consumer credit protection rights; whereby I, the Plaintiff has broken prior tradition of non-questioning transactions due to ignorance or fear; whereby breaking tradition the Plaintiff has invoked their consumer right to ask questions relating to transactions nunc pro tunc, meaning now for then, the Plaintiff comes forth by special appearance invoking my right to dispute any validity of any debt obligation or alleged debt obligation arising from a transaction in commerce between Glenford Kennard Hyatt ("Plaintiff") and the Defendant(s) M&T Bank and Lakeview Loan Servicing LLC. Furthermore, I, the Plaintiff notices that Title 15 U.S. Code § 1692g ( c ) clearly states the following definition of Admission of Liability: "The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer."

2

Signed This 22 day of February 2021.

Plaintiff, Glenford Kennard Hyatt

## II. **RELIEF FOR THE DEFENDANTS**

The Plaintiff is not failing to state a claim upon which relief can be granted to the Defendant. The defendant can take the Plaintiff's negotiable instrument, or extension of credit, to use it as a tax write off, use it set off any valid form of verifiable debt, or settle any valid form of verifiable debt. If all Defendants can verify they did not trade, sell, or acquire anything against the alleged obligation of debt, then we have no matter of controversy and the Plaintiffs claims stand; Notice, the Plaintiffs non failure to state a claim upon which relief can be granted be that I, the Plaintiff, have already provided summary of all actions proceeding this federal filing in the exhibits previously filed for this case. Notice, I conditionally accept all solicitations and offers from prior transactions be it anyone of real party of interest can provide rebuttal to any/all of I the Plaintiffs claims and presentments by way of just providing evidence in the form of a true bill of commerce as a warrant, bill of particulars, and voice by way of signature under penalty of perjury a want for payment under penalty of perjury as stated herein.

## III. **ARGUMENT: REBUTTAL OF DEFENDANTS CLAIM OF SHOTGUN PROCEEDING**

3

Signed This 22 day of February 2021.

_____
Plaintiff, Glenford Kennard Hyatt

In the Defendants Motion to Dismiss, it states: "Plaintiff's Complaint is an improper shotgun pleading because it fails to articulate any cause of action "without sufficient clarity to allow [Defendants] to frame a responsive pleasing"." Notice, I, the Plaintiff, counter claim and object to any shotgun response for pleading. My intent and purpose as the Plaintiff is to be provided direct evidence by verification for obligation, or alleged obligation, of debt be this evidence can be provided signature under penalty of perjury, determining facts for deficiency of debt; I, the Plaintiff, then am directly am obligated to pay and state the form of payment, pursuant Title 15 USC where applicable, as I declare that upon research and discovery, unless rebutted, the consumer transaction origination between I and M&T Bank & Lakeview Loan Service LLC be null and void due to non-reasonable response after 11 attempts to set off, settle, any/all obligation of debt, therefore my declaration be based on summary judgement that M&T Bank had ample and reasonable time to respond and I as a consumer have articulated cause of action being I never received full disclosure for the fitness, performance, and attributes pertaining to the original consumer transaction and my non-shot gun pleading is that I never received a wet-ink signature for an original contract, nor did a I receive an affidavit of loss promissory note giving M&T Bank proper time to verify any direct true obligation of debt, Therefore Defendants' response is null and void.

4                                Signed This 22 day of February 2021.
                                              _____
                                              Plaintiff, Glenford Kennard Hyatt

## IV. ARGUMENT: FCRA AND FDCP VIOLATION

On the Defendant's Motion to Dismiss, the 3rd party interloper states "Plaintiff purports to assert FCRA and FDCPA claims, but never ties any factual allegation to either statute...much less explain how Defendants' conduct somehow constitutes a violation of those statute." Notice, I affiant and Plaintiff, counter claim to these statements by Defendants 3rd party interloper as I the consumer have willfully illustrated intent and purpose and hereby invoke being the executor, administrator, as defined as I am the consumer pursuant Title 15 USC § 1692c (d) which tied directly into FDCPA, whereby being that the United States acts under administrative law, I, the consumer natural person have the ability to act as administrator and executor for research, discovery, seeking direct verification for any alleged obligation of debt. Further notice, the factual allegations and assertion tying into FCRA would be that I have directly requested all files pursuant 15 USC § 1681g (a)(1); Notice the consumer has no liability pertaining to the construction of the written instrument used creating this debt obligation of dispute in controversy whereby I affiant assert and invoke my right to question any and all parties nunc pro tunc for any obligation of debt.

5

Signed This 22 day of February 2021.

_____
Plaintiff, Glenford Kennard Hyatt

Notice, directly proscribed pursuant 15 USC 1692j I allege nunc pro tunc that the furnisher of any successor or assign, including 3rd party interloper, attorney, acting for the Defendants are all debt collectors. The term debt be an obligation arising out of a transaction, be it pursuant FCRA, the Defendants can't provide any credit reporting information verifying direct obligation of debt; M&T Bank I alleged has furnished and compiled certain forms that are confusing to I, the reader and consumer, and M&T Bank never directly participated in any transaction. I allege M&T Bank has always used 3rd party interlopers in response to any of my direct request. So my stating use of any terms and conditions provided to I, a federally protected consumer, are in fact relevant and reasonable; likewise be it my allegations pursuant 15 USC 1692j accusing M&T Bank of furnishing certain deceptive forms confusing I the reader consumer may lead to I affiant being awarded or filing further claims for relief and damages pursuant 15 USC 1692k as I claim loss of time, material, loss from paid consultation, time suffered and time loss by way of mental anguish whereby the assertion in context by way of congress pursuant 15 USC 1692k any amount of damages I seek are directly in the amount of 50,000 USD for all written actions, written herein and that any further frivolous response, frivolous meaning non-real party of interest accompanying delegation of authority, accompanying affidavit of loss promissory note, or sworn statement under penalty

6          Signed This _22_ day of February 2021.
           _____
           Plaintiff, Glenford Kennard Hyatt

of perjury verifying a direct obligation of debt has been provided. Therefore, I affiant have provided sufficient pleadings reasonably and if not define prior, so define herein now for all prior engagements; I, the consumer in fact am defined as the administrator, executor, and have sent over 10 presentments for settlement; Therefor my threshold has been exhausted by my evidence of administrative process, I have exhausted my remedy for settlement with M&T Bank and this is why I have asserted my claim in federal court; I conditionally accept any obligation of debt be it my simple request for direct verification under penalty of perjury stating a bill of particulars verifying a debt obligation would suffice direct evidence for Defendant's responses and I object to any 3rd party interloper until 3rd party interloper directly provides affidavit for loss promissory note accompanying signature under penalty of perjury implicating I, the Plaintiff and affiant, for any obligation of debt be it Defendant cannot provide evidence requested, now over 10 different times requested by Plaintiff, I Plaintiff move the court to honor any and all pleadings and summary judgements due to unreasonable responses accompanying sworn allegations by Defendants.

## V. ARGUMENT: FOUR PARTS OF AN ACTION

Signed This __22__ day of February 2021.

_____
Plaintiff, Glenford Kennard Hyatt

In the Motion to Dismiss, the Defendants 3rd party interloper states : "...a complaint must include allegations respecting all material elements of all claims asserted; bare legal conclusions attached to a narrative of facts will not suffice." Notice, After 11 attempts to reasonably settle and mature any direct obligation of debt, M&T Bank failed to reasonably respond under penalty of perjury for evidence of a direct obligation of debt, therefore I object to all 3rd party interlopers acting as non-real parties of interest, copying and pasting prior actions of non-parties of interest; Notice pursuant research and development I gained acknowledgement and interpretation of an action contains 4 parts:

1. General, which would be the transaction creating a debt;

2. Specific, which would be my request for direct verification of an obligation or alleged obligation of debt backed by the full faith and credit of the signature having delegation of authority to act for the real party of interest, M&T Bank, accompanying evidence of an affidavit for a loss promissory note, or any and all alleged debt obligation. Any and all responses I've received so far, I allege, have been frivolous due to no signature under penalty of perjury verifying any direct obligation of debt.

Signed This 22 day of February 2021.

_____
Plaintiff, Glenford Kennard Hyatt

3. Juristic, which would be I, affiant, and real party of interest, having evidence of a meeting of the minds, whereby both of our juristic persons in relation to contract have formally been fully given full disclosure to I, the consumer natural person for my juristic legal person; getting any oral, written, or transcribed disclosure for the fitness, performance, and attributes of the original transaction. Now that I am mature, my intent and purpose be that I have done an audit of all of my finances during COVID-19 pandemic shut down, I allege my interpretation be that I have no direct obligation of debt.

4. Proscribed, which would be I have provided promissory notes, notices for settlement, set off, and counter claim to any alleged obligation of debt and that I conditionally accept any obligation of debt be it someone of real party of interest, being a non-3rd party interloper, provides signature under penalty of perjury, Implicating I Affiant directly owing obligation of debt, as I have been disputing obligation of debt pursuant FDCPA provisions and specifically dispute has been proscribed pursuant Title 15 USC 1692h. These 4 parts proscribed herein are my assertion for a valid action. Action as 4 parts: General, Specific, Juristic, and Proscribed. One, as I, allege anyone has the ability to research and form an action; I affiant, shall not be discriminated as I have defined herein by rebuttal verifying all of my actions.

9

Signed This _22_ day of February 2021.

Plaintiff, Glenford Kennard Hyatt

## VI. CONCLUSION

Based on the forgoing, Plaintiff has properly stated claim(s) and is due Relief as requested: Claim for relief in the amount of 50,000 USD, free and clear title of all property the Plaintiff has claim to, and proper allodial land patent. Since this debt is in dispute, The Plaintiff demands all payments pursuant to Title 15 U.S. Code 1692 ( h ), as the consumer, be re-direct back to The Plaintiff, the consumer, until the Defendant verifies the claim. If the Defendant verifies the claim, The Plaintiff has already issued a negotiable instrument that can be used to discharge the obligation of the debt. The Plaintiff, therefore, motions for a resignation of signature for good cause until the defendant can show proper validation of alleged debt obligation. The Plaintiff will seek further damages be it any 3rd party interloper provides frivolous response without declaration under penalty of perjury of the alleged debt.

Signed This 22 day of February 2021.

Plaintiff, Glenford Kennard Hyatt

# CERTIFICATE OF SERVICE

I hereby certify that on February 22nd, 2021, the foregoing document was mailed via First Class Registered Mail to the following:

Rachel R. Friedman
BURR & FORMAN LLP
171 Seventeenth Street, NW, Suite 1100
Atlanta, Georgia 30363

Rene F. Jones
M&T Bank Legal Document Processing
P.O. Box 844
Buffalo, NY 14240-0844

Julio Aldecocea
Lakeview Loan Servicing LLC
MS 5-251
4425 Ponce De Leon Blvd
Coral Gables, FL 33146-1837

/s/     *Glenford Hyatt*     .
Attorney of Fact, Propria Persona
Glenh4480@Gmail.com

11

Signed This 22 day of February 2021.

Plaintiff, Glenford Kennard Hyatt