UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **GLENFORD KENNARD HYATT,** | ) |
| **Plaintiff,** | ) |
| v. | ) NO. 1:21-CV-0221-CC-RGV |
| **M&T BANK,** | ) |
| **Defendant.** | ) |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S "MOTION TO MOVE THE COURT FOR SUMMARY JUDGMENT BY ORDER"

COME NOW Defendants M&T Bank ("M&T") and Lakeview Loan Servicing, LLC ("Lakeview") (collectively, "Defendants"), by and through their undersigned counsel, and hereby respond to Plaintiff's "Motion to Move the Court for Summary Judgment By Order" (hereinafter, "Motion for Summary Judgment"), (Doc. 13), stating as follows:

Plaintiff's Motion for Summary Judgment fails to set forth any legitimate basis for granting summary judgment in Plaintiff's favor. Indeed, the Motion is wholly frivolous and largely unintelligible, as demonstrated by Plaintiff's references to "unreasonable action by 3rd party interlopers" and various unidentified "incongruences." (Doc. 13 at 1, 4.) Furthermore, rather than supplying the Court

45268661 v1

with facts and evidence supporting his claims, Plaintiff makes various demands on Defendants, including that Defendants produce proof of the underlying debt and give him free and clear title to the property. It is hard to discern any specific causes of action on which he requests to be granted summary judgment, as Plaintiff only mentions his claims in the most vague of terms. Because Plaintiff's Motion fails to comply with the Court's Local Rules and fails to provide any cognizable basis for judgment in his favor, the Motion is due to be denied.

  **A.** **Plaintiff's Motion Should Be Denied for Failure to Comply with the Local Rules.**

As an initial matter, the Motion is due to be denied because it fails to comply with the Court's Local Rules. First, the Motion fails to comply with LR 7.1(A)(1), as it is not "accompanied by a memorandum of law which cites supporting authority." The Motion also fails to comply with LR 56.1, governing Motions for Summary Judgment. LR 56.1 requires that the movant include "a separate, concise, numbered statement of the material facts to which the movant contends there is no genuine issue to be tried," and requires that each such statement be "supported by a citation to evidence proving such fact." The Rule further provides that the Court "will not consider any fact: (a) not supported by a citation to evidence . . . ; (b) supported by a citation to a pleading rather than to evidence; (c) stated as an issue or legal conclusion; or (d) set out only in the brief and not in the movant's statement of

undisputed facts." LR 56.1(B)(1).  Plaintiff's Motion fails to provide any statement of undisputed facts, much less a statement of facts supported by citations to evidence. Indeed, Plaintiff has not filed any evidence in support of his brief.

The Court "may decline to consider any motion or brief that fails to conform to the requirements of these rules."  *See* LR 7.1(F).  Given that Plaintiff's Motion wholly fails to comply with LR 7.1 and 56.1, Defendants request that the Court deny it for noncompliance, or, at minimum, decline to consider it.  *See Turner v. Wells Fargo Dealer Servs., Inc.*, No. 117CV01257TCBCMS, 2017 WL 8222343, at *1 (N.D. Ga. Sept. 21, 2017) (denying *pro se* plaintiff's motion for summary judgment filed in response to motion to dismiss for failure to comply with local rules); *Vaughan v. City of Sandy Springs*, No. 1:09-CV-2852-ODE-WEJ, 2011 WL 13177749, at *2 (N.D. Ga. Nov. 14, 2011) ("Because plaintiffs' Motion for Partial Summary Judgment violates both Local Rules 7.1 and 56.1, the undersigned exercises its discretion and declines to consider it."), *report and recommendation adopted*, No. 1:09-CV-2852-ODE-WEJ, 2012 WL 12952742 (N.D. Ga. Feb. 2, 2012); *Hopkins v. DeVeaux*, 781 F. Supp. 2d 1283, 1296 (N.D. Ga. 2011) (granting motion to strike the plaintiff's summary judgment motion for failure to comply with

the local rules, noting it "does not contain any document that might even be remotely considered a statement of material facts as required by LR 56.1(B)(1)").[1]

### B. Plaintiff's Motion Fails On the Merits.

Even were the Court to consider the merits of Plaintiff's Motion, it is still due to be denied, as it fails to set forth any cognizable basis for entry of judgment in favor of Plaintiff. The Motion fails to clearly identify any particular causes of action on which he seeks relief. Instead, Plaintiff requests that M&T provide proof of a "direct debt obligation" between M&T and Plaintiff and asks for M&T to "produce the original wet ink signature of the promissory note." (Doc. 13 at 1, 5-6.) However, this demand is unsupported by legal authority has been rejected time and again by this Court. *See, e.g.*, *Johnson v. HSBC N.A. Nat'l Bank*, No. 1:12-CV-03911-AT-JCF, 2013 WL 12101064, at *2 (N.D. Ga. Apr. 15, 2013) (collecting cases holding that "show me the note" claims have no merit), *report and recommendation adopted*, No. 1:12-CV-03911-AT, 2013 WL 12101066 (N.D. Ga. May 29, 2013); *Smith v. Bank of New York Mellon*, No. 1:11-CV-00078-AT-AJB, 2011 WL

---

[1] Plaintiff's *pro se* status does not excuse noncompliance with the Court's Rules. *See Turner*, 2017 WL 8222343, at *1; *Mincey v. Am.'s Servicing Co.*, No. 1:15-CV-251-AT-ECS, 2015 WL 12434311, at *2 (N.D. Ga. June 2, 2015), *report and recommendation adopted*, No. 1:15-CV-0251-AT, 2015 WL 12434316 (N.D. Ga. June 25, 2015).

13319199, at *8 (N.D. Ga. Apr. 14, 2011) (describing the plaintiffs' argument that the defendants must produce the "wet ink" note to be "misplaced" because Georgia law does not require wet ink signatures or production of a note to enforce it), *report and recommendation adopted*, No. 1:11-CV-0078-AT, 2011 WL 13319421 (N.D. Ga. June 10, 2011).

Plaintiff's purported "presentments" that he alleges to have provided to M&T also do not entitle him to relief. Plaintiff fails to identify any law under which his "presentments" provide a cause of action. Nor does he provide evidence of the presentments, let alone explain what they are. In fact, the only statutes Plaintiff mentions are 15 U.S.C. § 1692g(c) and 15 U.S.C. § 1692h, the provisions of the Fair Debt Collection Practices Act governing validation of debts and disputes of debts. (Doc. 13 at 3, 5.) However, as in his Complaint, Plaintiff fails to connect these statutes to any alleged actions of Defendants entitling him to relief. While Plaintiff refers to other litigation involving M&T, (Doc. 13 at 2), other cases involving M&T and other borrowers have no bearing on any liability of Defendants with respect to Plaintiff in this case.

For the reasons stated herein, and in Defendants' Motion to Dismiss, (Doc. 10), which Defendants incorporate herein by reference, Plaintiff's Complaint fails

to provide any basis for imposing liability on Defendants. Therefore, Plaintiff's Motion for Summary Judgment is due to be denied.

WHEREFORE, premises considered, Defendants respectfully request the Court to deny Plaintiff's Motion for Summary Judgment, dismiss this action, and grant Defendants any other relief as the Court deems just and proper.

Respectfully submitted, this 2nd day of April, 2021.

>   /s/ Rachel R. Friedman
>   Rachel R. Friedman
>   Georgia Bar No. 456493
>   rfriedman@burr.com
>
>   BURR & FORMAN, LLP
>   171 Seventeenth Street, NW, Suite 1100
>   Atlanta, Georgia  30363
>   Telephone:  (404) 815-3000
>   Facsimile:  (404) 817-3244
>   Attorney for Defendants M&T BANK &
>   LAKEVIEW LOAN SERVICING, LLC

## **CERTIFICATION OF COUNSEL**

    I hereby certify that the foregoing document has been prepared with Times New Roman, 14 point font, one of the font and point selections approved by the Court in LR 5.1C.


                                                  */s/ Rachel R. Friedman*
                                                  Rachel R. Friedman
                                                  Georgia Bar No. 456493
                                                  rfriedman@burr.com


BURR & FORMAN LLP
171 Seventeenth Street, NW, Suite 1100
Atlanta, Georgia 30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

## CERTIFICATE OF SERVICE

  I hereby certify that on April 2, 2021, the foregoing document was mailed via First Class U.S. Mail, postage prepaid, to the following:

Glenford Kennard Hyatt
4480 S. Cobb Drive
Suite H, Box 558
Smyrna, GA 30080

            */s/ Rachel R. Friedman*
            Rachel R. Friedman
            Georgia Bar No. 456493
            rfriedman@burr.com