UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Glenford Kennard Hyatt, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO. 1:21-CV-0221-CC |
| v. | ) |
| | ) |
| M&T Bank, | ) |
| Lakeview Loan Servicing LLC. | ) |
| Defendant, | |

**PLAINTIFFS RESPONSE TO DEFENDANTS OPPOSITION TO PLAINTIFFS' "MOTION TO MOVE THE COURT FOR SUMMARY JUDGMENT BY ORDER". NOTICE TO AGENT IS NOTICE TO PRINCIPLE**

COME NOW Glenford Kennard Hyatt ("Plaintiff"), as affiant by special appearance, hereby respond to Defendants M&T Bank ("M&T") and Lakeview Loan Servicing, LLC ("Lakeview") (collectively, "Defendants"), by and through their undersigned counsel; their Doc 15. ("DEFENDANTS' RESPONSE TO PLAINTIFF'S "MOTION TO MOVE THE COURT FOR SUMMARY JUDGMENT BY ORDER").

A. **Defendants' Failure to Directly Verify Debt After Numerous Reasonable Request From the Plaintiff.**

Under research and development, Plaintiff is not acting unreasonable. Balancing the ledger for this account would show cause that no debt exists. Simply

1

Signed This 22 day of April 2021.

_____
Plaintiff, Glenford Kennard Hyatt

asking the Defendants to verify, pursuant to original consumer transaction, a debt obligation exist is reasonable and within federally protected consumer rights. To characterize these requests as "frivolous" or "unintelligible" is slanderous. Since the Defendant's 3rd party interloper has chosen to use such wording on Doc. 15 at 1, in reference to these reasonable and federally protected requests, The Plaintiff now wishes to file a claim for defamation. The intent for this case was to find out if the total amount of the credit of the account (initiated from the origin of the initial consumer transaction) out weights the debt created from said transaction. I, the affiant, allege I was never given full disclosure if any profit, proceeds, credit, or any assets were gained from my signature; originating this transaction. I, the affiant, am alleging I was not giving full disclosure by any of the real parties of interest pertaining to this transaction in relation to credit of account. Again, I, the affiant, intent and purpose was to get direct verification from all parties involved that are sending out any form of billing statements or collection of any debt. I, the consumer, affiant here am come forth in good faith asking Defendants to produce direct verification that a debt obligation outweighs credit of account pertaining to this transaction that I allege that I am the origin of its credit; it being the promissory note, application, mortgage, any derivative thereof as chattel property.

2

Signed This 22 day of April 2021.

_____
Plaintiff, Glenford Kennard Hyatt

If any said debt exists or remains, please provide a bill of particulars and sign under penalty of perjury that a direct verification of debt still exists as I directly dispute any validity of debt pursuant 15 USC 1692(h). I, the affiant, allege and invoke as the consumer that if Defendants cannot directly rebut the dispute of debt that I allege, then I as the consumer direct all payments nunc pro tunc to be repaid to I, the consumer. This is in due process showing cause that defendants lack reasonable evidence for direct verification pertaining to a current debt obligation in the name of GLENFORD KENNARD HYATT as per the original consumer transaction dated on July 18th, 2016.

NOTICE, Plaintiff objects to any frivolous charges of defamation by Defendants counsel and request Defendants counsel to produce affidavit of loss promissory note or produce evidence for the direct verification of a valid debt existing from the original consumer transaction. If no said direct verification in response to the consumers' direct dispute, then within 21 days of non-response, accompanying evidence supporting direct verification of a valid debt, I affiant, reasonable move the court and all parties to honor all Plaintiff's claims and Plaintiffs request for relief.

The 3rd party interloper for the Defendants has chosen to slander the Plaintiff by using wording such as "unintelligible" in Doc. 15 at 1. Furthermore, it has been

3

Signed This 7z day of April 2021.

_____
Plaintiff, Glenford Kennard Hyatt

60 days since Doc. 9 was filed with the court and the Defendants have yet to directly respond to all reasonable requests to verify a debt actually exists from the original transaction that I, the affiant, acting as consumer, made with my person. It has also been 30 days since I, the affiant, have reasonable requested M&T Bank to produce the original wet ink signature of the promissory note for the alleged debt obligation between M&T Bank and the Plaintiff; or an affidavit, signed under penalty of perjury, of loss promissory note. The Exhibits filed in Doc. 3 also show that requests for a direct verification of debt was received, by certified USPS mail, by Defendant M&T Bank over 240 days ago and no direct verification, signed under penalty of perjury, has yet been given to the Defendant.

### B. Plaintiff's Compliance with Local Rule LR 7.1(A)(1) By Amending Motion for Summary Judgement By Order with Memorandum of Law

NOTICE, Plaintiff hereby adds the Memorandum of Law in Support of Motion for Summary Judgement By Order, in order to be in compliance with Local Rule LR 7.1(A)(1). The intent of the filing of this Memorandum of Law is ensure the previous Motion for Summary Judgement (Doc. 13) is in compliance with local Rules.

### C. Plaintiff's Clarification of Which Defendants are Included In This Response

4

Signed This 22 day of April 2021.

_____
Plaintiff, Glenford Kennard Hyatt

In addition, Doc. 15 (DEFENDANTS' RESPONSE TO PLAINTIFF'S "MOTION TO MOVE THE COURT FOR SUMMARY JUDGMENT BY ORDER") only mentioned the Defendant M&T Bank and not Lakeview Loan Service LLC. The 3rd party interloper for the Defendants has represented both Defendants' in previous motions to the court, so the removal of 1 of the Defendants, whether intentional or by clerical error, makes it unclear if both Defendants are filing this motion in Doc. 5. However, out of an abundance of caution, the Plaintiff has added both Defendants to this response.

WHEREFORE, premises considered, Plaintiff respectfully request the Court to deny Defendants' Motion to Dismiss Due to Failure to State a Claim, and grant Plaintiff the relief mentioned in Doc. 13.

Respectfully submitted, this 22nd day of April, 2021.

/s/ *Glenford Hyatt*
Glenford Hyatt
Attorney Of Fact/Propria Persona
Glenh4480@gmail.com

GLENFORD HYATT
c/o 4480 S Cobb Drive SE
STE H, Box 558
Smyrna, GA 30080

5

Signed This _22_ day of April 2021.
Plaintiff, Glenford Kennard Hyatt

## **CERTIFICATION OF COUNSEL**

I hereby certify that the foregoing document has been prepared with Times New Roman, 14 point font, one of the font and point selections approved by the Court in LR 5.1C.

/s/ *Glenford Hyatt*
Glenford Hyatt
Attorney Of Fact/Propria Persona
Glenh4480@gmail.com

GLENFORD HYATT
c/o 4480 S Cobb Drive SE
STE H, Box 558
Smyrna, GA 30080

6

Signed This 22 day of April 2021.

Plaintiff, Glenford Kennard Hyatt

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 22nd, 2021, the foregoing document was mailed via First Class Registered Mail to the following:

Rachel R. Friedman
BURR & FORMAN LLP
171 Seventeenth Street, NW, Suite 1100
Atlanta, Georgia 30363

/s/      *Glenford Hyatt*      .
Attorney of Fact, Propria Persona
Glenh4480@Gmail.com

7

Signed This _22_ day of April 2021.

Plaintiff, Glenford Kennard Hyatt