**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| GLENFORD KENNARD HYATT, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL CASE NO. |
| v. | : | 1:21-cv-00221-CC-RGV |
| | : | |
| M&T BANK, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**MAGISTRATE JUDGE'S FINAL
<u>REPORT, RECOMMENDATION, AND ORDER</u>**

Plaintiff Glenford Kennard Hyatt ("Hyatt"), proceeding *pro se*, filed this

action against defendants M&T Bank ("M&T") and Lakeview Loan Servicing, LLC

("Lakeview"), jointly referred to as "defendants," on January 14, 2021.  [Doc. 1].[1]

On February 9, 2021, defendants moved to dismiss Hyatt's complaint for failure to

state a claim.  [Doc. 7].  Within 21 days after defendants filed their motion, Hyatt

filed an amended complaint on February 22, 2021. [Doc. 9].  Defendants have since

filed a motion to dismiss Hyatt's amended complaint, [Doc. 10], and Hyatt has

filed a motion for summary judgment, [Doc. 13].  Defendants then filed a notice of

---

[1] The listed document and page numbers in citations to the record refer to the
document and page numbers shown on the Adobe file reader linked to the Court's
electronic filing database, CM/ECF.

Hyatt's non-response to their motion to dismiss his amended complaint, [Doc. 14], as well as a response in opposition to Hyatt's motion for summary judgment, [Doc. 15], and Hyatt subsequently filed a reply in support of his motion for summary judgment, [Doc. 17], a response in opposition to defendants' motion to dismiss his amended complaint, [Doc. 18], and a notice of filing a memorandum in support of his motion for summary judgment, [Doc. 19].[2] Additionally, defendants have filed a motion to stay, [Doc. 12], to which Hyatt has not responded, and therefore, the motion is deemed to be unopposed, <u>see</u> LR 7.1(B), NDGa. For the reasons that follow, defendants' motion to dismiss Hyatt's original complaint, [Doc. 7], is **DENIED AS MOOT**, and defendants' motion to stay, [Doc. 12], is **GRANTED**,[3] and it is **RECOMMENDED** that Hyatt's motion for summary judgment, [Doc. 13], be **DENIED**, and that defendants' motion to dismiss Hyatt's amended complaint, [Doc. 10], be **GRANTED**.

---

[2] Defendants have also filed a "Notice of Plaintiff's Untimely Filings" regarding his reply in support of his motion for summary judgment and his response in opposition to defendants' motion to dismiss. [Doc. 20 (emphasis and all caps omitted)].

[3] Defendants seek a stay of the parties' pretrial deadlines pending resolution of their motion to dismiss Hyatt's amended complaint. [Doc. 12 at 3]. Upon consideration of the motion, and in the interest of judicial economy, the Court hereby **GRANTS** the motion to stay, [Doc. 12], and **STAYS** the parties' obligations for conducting a Rule 12(f) conference, serving initial disclosures, and filing a joint preliminary report and discovery plan until a ruling by the District Judge on this Report and Recommendation.

# I.    FACTUAL AND PROCEDURAL BACKGROUND

This action arises from an alleged commercial transaction between Hyatt and defendants.  [Doc. 9 at 1-2].[4]  In his amended complaint, Hyatt claims that he sent over six requests for validation of a debt he allegedly owes to M&T, but that M&T's "frivolous responses to said request[s]" were insufficient.  [Id. at 2-3 ¶ 2]. He contends that he "never received full disclosure for the fitness, performance, and attributes pertaining to the original consumer transaction[.]"  [Id. at  3 ¶ 3]. Accordingly, Hyatt asserts that he "is now noticing by claim that, unless rebutted, the consumer transaction [] between [ himself] and M&T [] be null and void[] due to non-reasonable responses after 10 attempts to set off or settle any obligation of debt[.]"  [Id.].

Based on these allegations, Hyatt asserts claims of negligence and violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and the Truth in Lending Act, 15 U.S.C. § 1602 et seq. ("TILA").  See [id. at 4 (citations omitted)].  Specifically, Hyatt's amended complaint alleges violations of 15 U.S.C. §§ 1601, 1602(j), 1692c, and 1692j; contends that M&T failed to act reasonably or adequately respond to his requests for debt validation, including by failing to "rectify the situation or offer any remedy" or to "supply any relevant data

---

[4] The factual background is taken from the pleadings and exhibits and does not constitute findings of fact by the Court.

requested"; and "demands all payments pursuant to . . . [§] 1692[h] . . . be re-direct[ed] back to [ him]" until the debt is verified. [Id. at 4-5].[5] Hyatt also references a provision of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), in the memorandum attached to his amended complaint. See [id. at 11 (citing 15 U.S.C. § 1681g(a)(1))]. Defendants move to dismiss Hyatt's amended complaint, [Doc. 10], and Hyatt has filed a motion for summary judgment, [Doc. 13]. The pending motions are now ripe for ruling.

## II.    DISCUSSION

### A.    Defendants' Motion to Dismiss Hyatt's Original Complaint, [Doc. 7]

Under Rule 15(a)(1) of the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of course within 21 days after service of a motion under Rule 12(b). Fed. R. Civ. P. 15(a)(1)(B); see also Mid-Continent Cas. Co. v. EREV, LLC, CIVIL ACTION FILE NO. 1:19-CV-4888-MHC, 2020 WL 6882645, at *1 (N.D. Ga. Jan. 14, 2020) (citation omitted). "An amended pleading supersedes the former pleading" such that "'the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'" Dresdner Bank AG v. M/V Olympia Voyager, 463 F.3d 1210, 1215

---

[5] Hyatt also included a memorandum of law with his amended complaint, which "serve[s] as a response to [ d]efendants['] motion to dismiss" his original complaint. [Doc. 9 at 7-16].

(11th Cir. 2006) (footnote and citation omitted); <u>see also</u> <u>Fritz v. Standard Sec. Life</u> <u>Ins. Co.</u>, 676 F.2d 1356, 1358 (11th Cir. 1982) (citations omitted) ("Under the Federal Rules, an amended complaint supersedes the original complaint."); <u>Stone Tech.</u> <u>(HK) Co. v. GlobalGeeks, Inc.</u>, Case No. 20-cv-23251-BLOOM/Louis, 2021 WL 86776, at *4 (S.D. Fla. Jan. 11, 2021) (alteration in original) (citation and internal marks omitted) ("[A]n amended complaint supersedes the initial complaint and becomes the operative pleading in the case.").

Hyatt's amended complaint, [Doc. 9], supersedes his original complaint, [Doc. 1], because it was filed within the requisite 21-day period for amendment as a matter of course, and the original complaint is no longer the operative pleading before the Court, <u>see</u> <u>Roe v. Moore</u>, CV 5:21-002, 2021 WL 1388385, at *1 (S.D. Ga. Apr. 12, 2021) ("Plaintiff's [a]mended [c]omplaint supersedes her original [c]omplaint."); <u>Locascio v. BBDO Atlanta, Inc.</u>, 56 F. Supp. 3d 1356, 1359 n.2 (N.D. Ga. 2014), adopted at 1358 (citations omitted) (finding plaintiff's amended complaint superseded the original complaint as it was filed within 21 days of defendant's motion to dismiss).  Thus, defendants' motion to dismiss the original complaint, [Doc. 7], has been rendered moot because this motion pertains to the original complaint, which is no longer the operative pleading in this case, <u>see</u> <u>Patel</u> <u>v. Capitol One Fin. Corp.</u>, CIVIL ACTION FILE NO. 1:18-CV-3430-LMM-JFK, 2018 WL 11257872, at *1 (N.D. Ga. Sept. 26, 2018) (citations omitted) (explaining that

defendants' motions to dismiss the original complaint were rendered moot as plaintiff's amended complaint had become the operative pleading in the case); Paulo v. OneWest Bank, FSB, No. 1:13–cv–3695–WSD, 2014 WL 3557703, at *7 (N.D. Ga. July 18, 2014), adopted at *6 (citation omitted) (denying defendant's motion to dismiss the original complaint as moot because plaintiff's amended complaint "replace[d] the original complaint and [was] the 'operative pleading' in the case"); Hall v. Deutsche Bank Nat'l Tr. Co., CIVIL ACTION FILE NO. 1:11-CV-02524-AT-AJB, 2012 WL 13009212, at *2 (N.D. Ga. Feb. 17, 2012) (citations omitted) ("[T]he amended complaint renders moot the motion to dismiss because that motion seeks to dismiss a pleading that has been superseded."); Bradley v. DeKalb Cty., Civil Action File No. 1:10–CV–0218–TWT–GGB, 2010 WL 4639240, at *2 (N.D. Ga. May 17, 2010), adopted by 2010 WL 4638887, at *1 (N.D. Ga. Nov. 4, 2010) ("Defendants' first motion to dismiss has been rendered moot by the filing of [p]laintiff's [a]mended [c]omplaint."). Accordingly, defendants' motion to dismiss Hyatt's original complaint, [Doc. 7], is **DENIED** as **MOOT**.

## B.    Defendants' Motion to Dismiss Hyatt's Amended Complaint, [Doc. 10]

### 1.    Legal Standard

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of an action when the complaint fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In considering a motion to dismiss, the Court must accept

Hyatt's allegations as true and construe the amended complaint in his favor. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008) (citation omitted); Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993); Mulvaney v. Meeks, CIVIL ACTION NO. 2:13cv677-MHT, 2020 WL 7774908, at *1 (M.D. Ala. Dec. 30, 2020) (citations omitted).[6] "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [Hyatt's] obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (last alteration in original) (citations and internal marks omitted); see also Lenbro Holding Inc. v. Falic, 503 F. App'x 906, 909 (11th Cir. 2013) (per curiam) (unpublished) (alterations in original) (citation omitted) ("Allegations

---

[6] "However, the court need not 'accept as true a legal conclusion couched as a factual allegation.'" Smith v. Delta Air Lines, Inc., 422 F. Supp. 2d 1310, 1324 (N.D. Ga. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)). Additionally, "when the exhibits contradict the general and conclusory allegations of the pleading, 'the exhibits govern[.]'" Duncan v. CitiMortgage, Inc., Civil Action File No. 1:13-CV-1493-TWT, 2014 WL 172228, at *7 (N.D. Ga. Jan. 15, 2014), adopted at *1, aff'd, 617 F. App'x 958 (11th Cir. 2015) (per curiam) (unpublished) (quoting Griffin Indus., Inc. v. Irvin, 496 F.3d 1189, 1205-06 (11th Cir. 2007)).

entitled to no assumption of truth include '[l]egal conclusions without adequate actual support' or '[f]ormulaic recitations of the elements of a claim.'").

"Factual allegations must be enough to raise a right to relief above the speculative level," Twombly, 550 U.S. at 555 (footnote and citation omitted), and Hyatt's amended complaint must contain "enough facts to state a claim to relief that is plausible on its face," id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). The Supreme Court in Iqbal held:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."

Id. at 678-79 (last alteration in original) (citations omitted); see also Evans v. Ga. Dep't of Behav. Health & Developmental Disabilities, CV 415-103, 2018 WL 4610630, at *3 (S.D. Ga. Sept. 25, 2018) (alterations in original) (citation and internal

marks omitted) ("Although there is no probability requirement at the pleading stage, something beyond . . . mere possibility . . . must be alleged."). Accordingly, the Court "must dismiss the [amended] complaint if it lacks sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Benfield v. Welsh, Civil Action Number 5:20-CV-1500-AKK, 2020 WL 6363977, at *1 (N.D. Ala. Oct. 29, 2020) (citation and internal marks omitted).

"While Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting Twombly, 550 U.S. at 556), "[t]o state a plausible claim for relief, [Hyatt] must go beyond merely pleading the 'sheer possibility' of unlawful activity by [] defendant[s] and so must offer 'factual content that allows the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged,'" Stabb v. GMAC Mortg., LLC, 579 F. App'x 706, 708 (11th Cir. 2014) (per curiam) (unpublished) (citation omitted). "Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law." Moore v. McCalla Raymer, LLC, 916 F. Supp. 2d 1332, 1342 (N.D. Ga. 2013), adopted at 1336 (citations and internal marks omitted); see also Glover v. Liggett Grp., Inc., 459 F.3d 1304, 1308 (11th Cir. 2006) (per curiam) (citation omitted); Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (citations omitted).

"Thus, a motion to dismiss for failure to state a claim must be granted if[,] as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." In re Soler Somohano, 819 F. App'x 873, 875 (11th Cir. 2020) (per curiam) (unpublished) (alteration in original) (citation and internal marks omitted).

Moreover, because Hyatt is proceeding *pro se*, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation and internal marks omitted). However, "[w]hile pro se pleadings are held to less stringent standards than those drafted by attorneys, they still must suggest some factual basis for a claim," KPOKYC v. President, No. 20-13921, 2021 WL 1625397, at *2 (11th Cir. Apr. 27, 2021) (per curiam) (unpublished) (citation omitted); see also Haines v. Kerner, 404 U.S. 519, 520 (1972); Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) (citation omitted), and *pro se* parties are required to comply with minimum pleading standards set forth in the Federal Rules of Civil Procedure and this district's Local Rules, Grew v. Hopper, No. 2:07-cv-550-FtM-34SPC, 2008 WL 114915, at *2 (M.D. Fla. Jan. 9, 2008) (citations omitted); see also Beckwith v. Bellsouth Telecomms., Inc., 146 F. App'x 368, 371 (11th Cir. 2005) (per curiam) (unpublished) (citation omitted) (stating "[a]lthough we construe them liberally, pro se complaints also must comply with the

procedural rules that govern pleadings"); <u>Lindsay v. Bank of Am. Home Loans</u>, CIVIL ACTION NO. 1:15-CV-2074-ELR-LTW, 2016 WL 4546654, at *4 (N.D. Ga. Feb. 1, 2016) (citation omitted).

### 2. Analysis

On March 8, 2021, defendants moved to dismiss Hyatt's amended complaint, arguing that it constitutes an impermissible shotgun pleading and that it fails to state a claim upon which relief can be granted. [Doc. 10-1 at 5-13]. The Local Rules require that a party opposing a motion to dismiss "serve the party's response, responsive memorandum, affidavits, and any other responsive material not later than fourteen [] days after service of the motion[.]" LR 7.1(B), NDGa.; <u>see also</u> Fed. R. Civ. P. 6(d) (adding three days to the time period in which a party must act where service is made by mail). On March 17, 2021, Hyatt filed his motion for summary judgment, [Doc. 13], and on March 26, 2021, defendants filed a notice of Hyatt's non-response to their motion to dismiss, [Doc. 14], requesting that the Court grant their motion as unopposed, [<u>id.</u> at 2],[7] and on April 22, 2021, Hyatt filed a response to defendants' motion to dismiss, [Doc. 18], in which he asserted that his intent in filing his motion for summary judgment was to respond to defendants' motion, as pages 2 and 3 of that document "cite[] 5 claims that directly

---

[7] "Failure to file a response shall indicate that there is no opposition to the motion." LR 7.1(B), NDGa.

oppose the [d]efendants' motion to dismiss," [id. at 1 (citation omitted)]. However, contrary to this assertion, Hyatt's motion for summary judgment is not directly responsive to the motion to dismiss, nor does it even address the arguments contained therein. See [Doc. 13]. This "Court, in its discretion, may decline to consider any motion or brief that fails to conform to the requirements of the[ Local Rules]." LR 7.1(F), NDGa. However, in light of Hyatt's *pro se* status, the Court will consider his filings in resolving the pending motion to dismiss, as they do not alter the Court's analysis or conclusion. See Jenkins v. Bank of Am., NA, CIVIL ACTION FILE NO. 1:16-cv-3574-TCB-JKL, 2017 WL 11144696, at *3 n.1 (N.D. Ga. Feb. 6, 2017), adopted by 2017 WL 11144685, at *4 (N.D. Ga. June 27, 2017) (rejecting defendant's request that its motion be deemed unopposed and considering the plaintiff's response in full due to her *pro se* status and there being no prejudice to defendant); see also Muhammad v. Ocwen Loan Servicing, LLC, CIVIL ACTION NO. 1:17-CV-0964-LMM-JSA, 2018 WL 1896416, at *6 (N.D. Ga. Jan. 23, 2018).

### a.    *Shotgun Complaint*

Defendants argue that Hyatt's amended complaint is due to be dismissed as an impermissible shotgun pleading because it "contains a single conclusory paragraph purporting to assert claims for negligence and violation[s] of [several statutory provisions] . . . . [and] then sets forth a vague (and largely

incomprehensible) narrative about M&T's alleged failure to properly respond to his debt validation correspondence," but at no point does it "connect M&T's alleged failure to any of the claims or statutory provisions referenced -- much less explain how M&T's conduct satisfies the elements of those claims." [Doc. 10-1 at 5-6]. Additionally, defendants point out that Hyatt does not "even mention Lakeview's involvement or alleged connection to the claims asserted." [Id. at 6-7]. Thus, defendants argue that Hyatt's amended complaint fails to provide them with "adequate notice of the claims asserted against them or the basis for those claims." [Id. at 7]. Hyatt did not address this argument in his response to the motion to dismiss his amended complaint, see [Doc. 18], or in his own summary judgment motion, see [Doc. 13], and therefore, it could be deemed to be unopposed, see Tops Sales & Servs., Inc. v. City of Forest Park, Civil Action No. 1:09–cv–0442–RWS, 2010 WL 5068193, at *5 (N.D. Ga. Dec. 7, 2010), aff'd, 487 F. App'x 489 (11th Cir. 2012) (per curiam) (unpublished) (citing LR 7.1(B), NDGa.) ("Plaintiffs have failed to respond to a number of [d]efendants' grounds for dismissal. The Court will treat these claims as unopposed."); Kramer v. Gwinnett Cty., 306 F. Supp. 2d 1219, 1221 (N.D. Ga. 2004), aff'd, 116 F. App'x 253 (11th Cir. 2004) (unpublished) (citation omitted) ("[A] party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed."). However, the Court will address this argument since in the

memorandum of law filed with his amended complaint, Hyatt disputes the contention in defendants' motion to dismiss his original complaint that it was a shotgun pleading. See [Doc. 9 at 7-10].

The Court agrees with defendants that Hyatt's amended complaint "is a [] 'shotgun' pleading of the kind [the Eleventh Circuit has] condemned repeatedly[.]" Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001) (per curiam); see also Bailey v. Janssen Pharmaceutica, Inc., 288 F. App'x 597, 602-03 (11th Cir. 2008) (per curiam) (unpublished); Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 979 (11th Cir. 2008), abrogated on other grounds by Iqbal, 556 U.S. at 662 and Twombly, 550 U.S. at 544, as recognized in LaCroix v. W. Dist. of Ky., 627 F. App'x 816, 818 (11th Cir. 2015) (per curiam) (unpublished) (footnote omitted) ("The complaint is a model 'shotgun' pleading of the sort this court has been roundly, repeatedly, and consistently condemning for years[.]"). In Weiland v. Palm Beach County Sheriff's Office, 792 F.3d 1313 (11th Cir. 2015), the Eleventh Circuit identified "four rough types or categories of shotgun pleadings" as follows:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of

being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

Id. at 1322-23 (footnotes omitted); see also Yeyille v. Miami Dade Cty. Pub. Sch., 643 F. App'x 882, 884 (11th Cir. 2016) (per curiam) (unpublished) (citation omitted).

Hyatt's amended complaint, which falls under the second and third categories of shotgun pleadings described by the Eleventh Circuit, "is in no sense the 'short and plain statement of the claim' required by Rule 8 of the Federal Rules of Civil Procedure." Magluta, 256 F.3d at 1284 (citation omitted). Indeed, "[e]ven under Fed.R.Civ.P. 8(a)'s notice pleading provision and the liberal interpretation given to _pro se_ pleadings, a complaint must include allegations respecting all material elements of all claims asserted; bare legal conclusions attached to a narrative of facts will not suffice." Martinez v. City of Orlando, No. 6:09–cv–802–Orl–22GJK, 2009 WL 3048486, at *5 (M.D. Fla. Sept. 21, 2009), adopted at *2 (citation and internal marks omitted); see also Giscombe v. ABN Amro Mortg. Grp., Inc.,

680 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010). Hyatt's amended complaint is replete with "rambling legal conclusions," <u>Graham v. Mortg. Elec. Registration Sys., Inc.</u>, Civil Action No. 2:11–CV–00253–RWS, 2012 WL 527665, at *1 (N.D. Ga. Feb. 17, 2012) (citation and internal marks omitted), and "vague and conclusory [factual] allegations," making it "difficult for the Court to understand the claims [Hyatt] is asserting and the factual bases that underlie them," <u>Wilson v. JP Morgan Chase Bank, N.A.</u>, Civil Action No. 2:11–CV–00135–RWS, 2012 WL 603595, at *3 (N.D. Ga. Feb. 24, 2012). "In the absence of any factual support, these bald legal conclusions are insufficient to state a plausible claim for relief as a matter of law." <u>Baldwin v. Barrett Daffin Frappier Turner & Engel, LLP</u>, CIVIL ACTION FILE NO. 1:19-cv-02022-AT-RGV, 2019 WL 11343472, at *6 (N.D. Ga. Aug. 16, 2019), adopted by 2019 WL 11364959, at *1 (N.D. Ga. Sept. 4, 2019) (citation omitted). "Furthermore, [Hyatt] does not specify which facts, if any, support which claims for relief." <u>Wilson</u>, 2012 WL 603595, at *3. Indeed, his amended complaint sets forth very few facts at all, making it difficult to discern the bases of his claims. <u>See generally</u> [Doc. 9]. Additionally, he fails to include any factual allegations against Lakeview whatsoever, aside from the sole assertion that it was involved in a "transaction in commerce" with M&T and Hyatt, <u>see</u> [<u>id.</u> at 1-2]; <u>see also</u> <u>Gaskins v. Bank of Am., N.A.</u>, CIVIL ACTION FILE NO. 1:13-cv-00379-JEC-RGV, 2013 WL 12382889, at *2 (N.D. Ga. Feb. 8, 2013) (citations omitted), and he "fails to separate

each cause of action or claim for relief into different counts," <u>Vereen v. French</u>, Case No. 3:18-cv-941-BJD-JBT, 2018 WL 11208470, at *1 (M.D. Fla. Aug. 9, 2018) (citation omitted); <u>see also</u> [Doc. 9 at 4].

Defendants "faced with a shotgun complaint [are] not expected to frame a responsive pleading." <u>McWhorter v. Miller, Einhouse, Rymer & Boyd, Inc.</u>, No. 6:08–cv–1978–Orl–31KRS, 2009 WL 92846, at *2 (M.D. Fla. Jan. 14, 2009); <u>see also</u> <u>Beckwith</u>, 146 F. App'x at 372 (alteration in original) (citation omitted) ("We do not require the district court, or the defendants, to 'sift through the facts presented and decide for [itself] which were material to the particular cause of action asserted.'"); <u>Baez v. Citifinancial Equity Servs., Inc.</u>, Case No: 6:13-cv-1272-Orl-36GJK, 2014 WL 12866970, at *3 (M.D. Fla. Mar. 5, 2014) (citation and internal marks omitted) ("Neither the Court nor defendants are required to sift through the facts presented and decide for itself which were material to the particular cause of action asserted."). Accordingly, because "[t]his is a classic and impermissible 'shot gun' complaint, failing to comply with Rule[] 8 [of the] Federal Rules of Civil Procedure, as well as with the legal standards to be met in order to survive a motion to dismiss," it is subject to dismissal. <u>Roundtree v. Countrywide Home Loans, Inc.</u>, No. 3:09-cv-189-J-32TEM, 2009 WL 5215334, at *4 (M.D. Fla. Dec. 29, 2009); <u>see also</u> <u>Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.</u>, 77 F.3d 364, 367 & n.5 (11th Cir. 1996); <u>Graham</u>, 2012 WL 527665, at *1. "In light of [Hyatt's]

*pro se* status, however, the Court will consider the merits of the [amended c]omplaint[.]"  Graham, 2012 WL 527665, at *2; see also Cooper v. Countrywide Home Loans Bank of Am., CIVIL ACTION NO. 1:15-CV-3322-RWS-LTW, 2016 WL 5340540, at *3 (N.D. Ga. July 15, 2016), adopted by 2016 WL 4943023, at *1 (N.D. Ga. Aug. 25, 2016), aff'd, 724 F. App'x 741 (11th Cir. 2018) (per curiam) (unpublished) (addressing the merits of plaintiff's claims and finding that even if plaintiff's complaint was not a shotgun pleading, it was still due to be dismissed for failure to state a claim); Clevenger v. Ocwen Loan Servicing, LLC, CIVIL ACTION FILE NO. 1:15-CV-2531-MHC, 2015 WL 12591798, at *4 (N.D. Ga. Nov. 17, 2015) ("Although [p]laintiffs' [c]omplaint is subject to dismissal as a shotgun pleading, because [d]efendants also argue that [p]laintiffs' [c]omplaint fails to state any plausible claims on the merits, and in light of [p]laintiffs' *pro se* status, the Court will address the merits of each of the claims raised in [p]laintiffs' [c]omplaint.").

### b. *Merits of Hyatt's Claims*

Hyatt's amended complaint alleges claims of negligence and violations of 15 U.S.C. §§ 1601, 1602(j), 1692c, and 1692j, asserting that M&T "did not act reasonably or respond adequate[ly,] nor rectify the situation or offer any remedy[,] nor supply any relevant data requested under penalty of perjury[.]"  [Doc. 9 at 4]. Additionally, in the memorandum attached to Hyatt's amended complaint, he

references §§ 1681g and 1692h.  [Id. at 11 ("[Hyatt] directly requested all files pursuant [to] 15 USC § 1681g[](a)(1)[.]"), 15 ("[Hyatt has] been disputing obligation of debt pursuant [to] FDCPA provisions and specifically[, a] dispute has been proscribed pursuant [to] 15 USC [§] 1692h.")].[8]  Defendants argue that Hyatt's negligence claim fails because "Georgia does not recognize a cause of action for negligent mortgage servicing," and he "failed to plead any fact that plausibly establishes the elements of a negligence claim"; he cannot state a claim under §§ 1601 and 1602(j) of the TILA, as these sections provide "no basis for civil liability"; he cannot state a claim under the FDCPA because he has not included "facts plausibly showing that the defendant[s are ] 'debt collector[s]' under the FDCPA" and "none of the FDCPA provisions cited by [him] in his [a]mended [c]omplaint relate to (or create a private right of action for) his allegation that M&T failed to properly respond to his debt validation requests"; and he cannot state an FCRA claim under § 1681g, as this section only obligates consumer reporting agencies to provide consumer file documents upon request, and the statutory definition of a consumer reporting agency excludes banks and mortgage servicers like defendants.  [Doc. 10-1 at 8-13 (footnote and citations omitted)].  Neither

---

[8] Hyatt also referenced § 1692h in his claim for relief in his amended complaint, demanding that all payments made pursuant to this provision be re-directed back to him until M&T verifies his debt.  [Doc. 9 at 5].

Hyatt's response to defendants' motion to dismiss nor his motion for summary judgment address these arguments, see [Docs. 13 & 18], and therefore, his claims are deemed to have been abandoned, see Demmons v. Fulton Cty., Civil Action File No. 1:09-CV-2312-TWT-WEJ, 2010 WL 3418325, at *11 (N.D. Ga. Aug. 2, 2010), adopted by 2010 WL 3418328, at *1 (N.D. Ga. Aug. 25, 2010) (citations omitted) ("Failure to respond an opposing party's argument constitutes abandonment of that claim and warrants its dismissal."); see also Hooper v. City of Montgomery, 482 F. Supp. 2d 1330, 1334 (M.D. Ala. 2007) (citation omitted) (dismissing claims as abandoned where plaintiff failed to respond to defendants' motion to dismiss those claims); Hudson v. Norfolk S. Ry. Co., 209 F. Supp. 2d 1301, 1324 (N.D. Ga. 2001), adopted at 1304 (citation omitted) (citing Resol. Tr. Corp. v. Dunmar Corp., 43 F.3d 587, 599 (11th Cir. 1995)) ("When a party fails to respond to an argument or otherwise address a claim, the Court deems such argument or claim abandoned.").

Hyatt's federal claims based on alleged statutory violations also are due to be dismissed because they are devoid of factual allegations that would allow "the court to draw the reasonable inference that [] defendant[s] [are] liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted); see also [Doc. 9]. Without any factual support, Hyatt's bald legal conclusions that defendants violated certain statutory provisions are insufficient to state a plausible claim for

relief as a matter of law. See Jenkins v. BAC Home Loan Servicing, LP, 822 F. Supp. 2d 1369, 1374 (M.D. Ga. 2011) (quoting Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002)) ("'[C]onclusory allegations, unwarranted deductions of fact, or legal conclusions masquerading as facts will not prevent dismissal.'"). As previously noted, the amended complaint contains very few factual allegations, but Hyatt's central claim is that he sent M&T numerous requests to validate his debt and that M&T failed to adequately respond; however, he does not include more detail about the content of his requests or M&T's responses, or the manner in which those responses were deficient. See [Doc. 9]. Hyatt's amended complaint cites exhibits to his original complaint, which were filed separately, [Doc. 9 at 2 ¶ 2 (citations omitted)]; see also [Doc. 3], but these exhibits consist exclusively of communications sent to M&T and do not include M&T's responses, which form the bases of his claims, see [Doc. 3].[9] In any event,

_____

[9] The Court may consider Hyatt's exhibits as they are central to his claims and he has referred to them in his amended complaint. See Zinn v. GMAC Mortg., No. 1:05 CV 01747 MHS, 2006 WL 418437, at *3 (N.D. Ga. Feb. 21, 2006) ("[T]he Court may consider documents which are central to the plaintiff's claims and which plaintiff refers to in the complaint as part of the pleadings for a Rule 12(b)(6) motion to dismiss."); see also Bruce v. U.S. Bank Nat'l Ass'n, 770 F. App'x 960, 964 (11th Cir. 2019) (per curiam) (unpublished) (citation and internal marks omitted) ("[W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal.").

none of the statutory provisions cited by Hyatt support a claim based upon a failure to validate a debt. See 15 U.S.C. §§ 1601 (setting forth the Congressional findings and declaration of purpose for TILA), 1602(j) (defining the terms "open end credit plan" and "open end consumer credit plan"), 1681g(a)(1) (requiring consumer reporting agencies, upon request, to disclose to the consumer all information in the consumer's file),[10] 1692c (imposing limitations upon debt collectors' ability to communicate with consumers),[11] 1692h (imposing

---

[10] Moreover, the "Eleventh Circuit has held that a bank[, like M&T,] is not acting as a [consumer reporting agency] within the meaning of the FCRA where it merely reports information to third parties based solely on its own experience with one of its customers." Ware v. Wells Fargo Bank, N.A., CIVIL ACTION FILE NO. 1:13-cv-02151-CC-GGB, 2013 WL 12383291, at *3 (N.D. Ga. Sept. 9, 2013), adopted by 2013 WL 12383287, at *1 (N.D. Ga. Nov. 25, 2013) (citing Smith v. First Nat'l Bank of Atlanta, 837 F.2d 1575, 1578 (11th Cir. 1988) (per curiam)); see also 15 U.S.C. § 1681a(f) (defining the term "consumer reporting agency"). In any event, Hyatt has not even attempted to allege that M&T is a consumer reporting agency. See [Doc. 9].

[11] Specifically, § 1692c provides that a debt collector must not, among other things, communicate with a consumer at any unusual time or place, or continue to contact a consumer with respect to a debt if the consumer notifies the debt collector that he refuses to pay a debt or that he wishes the debt collector to cease further communications. 15 U.S.C. § 1692c(a)(1), (c). Although Hyatt's amended complaint focuses on certain deficiencies in communications he allegedly received from M&T after his requests for debt validation, he does not allege any conduct that would violate this section and, in fact, he explicitly states that his § 1692c is based on M&T's "negligence of non-response." [Doc. 9 at 4]. Moreover, "in order to state a claim under the FDCPA, [Hyatt] must allege sufficient facts to assert a plausible claim that [d]efendant[s are ] debt collector[s] as that term is defined in the statute[ and] that [d]efendant[s] engaged in a debt collection activity covered by the statute," Martinez v. Prommis Sols., LLC, CIVIL ACTION NO. 1:11-CV-

requirements on debt collectors who receive payment from a consumer owing multiple debts), 1692j (prohibiting the furnishing of deceptive forms). Accordingly, Hyatt has failed to state any valid federal claim.[12]

---

1512-CC-CCH, 2012 WL 13129845, at *3 (N.D. Ga. Jan. 3, 2012), adopted by 2012 WL 13129878, at *1 (N.D. Ga. Jan. 31, 2012) (citations omitted); cf. Sobers v. Caliber Home Loans, Inc., CIVIL ACTION FILE NO. 1:16-cv-335-WSD-JKL, 2016 WL 11260333, at *3 (N.D. Ga. July 27, 2016), adopted by 2017 WL 443651, at *6 (N.D. Ga. Feb. 2, 2017) (citing Davidson v. Capital One Bank (USA), N.A., 797 F.3d 1309, 1313 (11th Cir. 2015)) ("A plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is a 'debt collector' under the FDCPA."); Anderson v. Deutsche Bank Nat'l Tr. Co., Civil Action No. 1:11-cv-4091-TWT-ECS, 2012 WL 3756512, at *4 (N.D. Ga. Aug. 6, 2012), adopted by 2012 WL 3756435, at *1 (N.D. Ga. Aug. 27, 2012) (alterations, citations, and internal marks omitted) ("Plaintiff's complaint must plausibly allege that [d]efendants are debt collectors within the meaning of the FDCPA."); see also 15 U.S.C. 1692a(6), which he failed to do, see generally [Doc. 9]. However, Hyatt has failed to allege facts that plausibly support finding that defendants are debt collectors, and therefore, has failed to state a claim under the FDCPA.

[12] Hyatt's remaining state law negligence claim does not present a federal question, and although supplemental jurisdiction may be exercised over state law claims related to federal claims in any action in which the Court has original jurisdiction, see Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005); Glennon v. Rosenblum, 325 F. Supp. 3d 1255, 1263 (N.D. Ala. 2018) (citing 28 U.S.C. § 1367(a)), "when the federal-law claims have dropped out of the lawsuit in its early stages and only [a] state-law claim[] remain[s], the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice," Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) (footnote and citation omitted). Indeed, "[t]he federal courts of appeals[] . . . have uniformly held that once the district court determines that subject matter jurisdiction over a plaintiff's federal claims does not exist, courts must dismiss a plaintiff's state law claims," Scarfo v. Ginsberg, 175 F.3d 957, 962 (11th Cir. 1999) (citations omitted), and the Eleventh Circuit has therefore "encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial," Young v. City of Gulf Shores, Civil Action No. 07-0810-WS-M, 2009 WL 920302, at *1 (S.D.

In the event supplemental jurisdiction is exercised over Hyatt's negligence claim, the Court agrees with defendants that he has not alleged sufficient information to state a plausible claim for relief.  To state a claim for negligence under Georgia law, Hyatt must allege sufficient facts that plausibly establish the following elements: "(1) [a] duty or obligation, recognized by law, requiring the actor to conform to a certain standard of conduct . . . [;] (2) [a] failure on [defendants'] part to conform to the standard required[;] (3) [a] reasonable close causal connection between the conduct and the resulting injury[; and] (4) [a]ctual

---

Ala. Apr. 2, 2009) (internal marks omitted) (citing <u>Raney v. Allstate Ins. Co.</u>, 370 F.3d 1086, 1089 (11th Cir. 2004) (per curiam)).  Although defendants request that Hyatt's amended complaint be dismissed in its entirety with prejudice as he "has now had two chances to state a claim against [d]efendants and has not come close either time," [Doc. 10-1 at 4], in light of the cited precedent and Hyatt's *pro se* status, the Court could decline to exercise supplemental jurisdiction over the remaining state law negligence claim and dismiss it without prejudice, <u>see</u> <u>Coleman v. Walmart</u>, No. 6:14-CV-672-Orl-22GJK, 2015 WL 1257064, at *6 (M.D. Fla. Mar. 18, 2015), adopted at *1 (finding federal claims should be dismissed and recommending that the court decline to exercise supplemental jurisdiction over remaining state law claims and dismiss them without prejudice); <u>MacDonald v.</u> <u>SunTrust Mortg., Inc.</u>, CIVIL ACTION FILE NO. 1:09-CV-1805-JOF-AJB, 2010 WL 11647012, at *2, 15 (N.D. Ga. Aug. 10, 2010), adopted by 2010 WL 11647140, at *2 (N.D. Ga. Sept. 10, 2010) (recommending that if the district court adopts the recommendation to dismiss the *pro se* plaintiff's federal law claims, that the district court also decline to exercise supplemental jurisdiction over the state law claims and dismiss them without prejudice); <u>see also</u> <u>Raney</u>, 370 F.3d at 1088-89 (citation omitted) ("The decision to exercise supplemental jurisdiction over pendant state claims rests within the discretion of the district court.").  However, this Report, Recommendation, and Order will also address the merits of the state law claim in the event supplemental jurisdiction is exercised.

loss or damage resulting to the interests of the other." <u>Brookview Holdings LLC</u> <u>v. Suarez</u>, 645 S.E.2d 559, 562 (Ga. Ct. App. 2007) (citation omitted); <u>see also</u> <u>Underhill v. Bank of Am., N.A.</u>, Civil Action File No. 1:13–CV–2614–TWT, 2014 WL 587868, at *15 (N.D. Ga. Feb. 14, 2014), adopted at *1 (citations omitted); <u>Fenello v. Bank of Am., N.A.</u>, 926 F. Supp. 2d 1342, 1353-54 (N.D. Ga. 2013), <u>aff'd</u>, 577 F. App'x 899 (11th Cir. 2014) (per curiam) (unpublished) (citation omitted). Hyatt merely alleges that M&T did not "act reasonabl[y]" by failing to adequately respond to his requests to validate his debt, but he has not asserted that defendants owed him any legal duty, that they failed to conform to the standard required, or that such failure caused him actual harm. <u>See generally</u> [Doc. 9]. Moreover, "[i]t is clear that under Georgia law[,] no fiduciary relationship arises between a lender and a borrower that would give rise to any fiduciary duty." <u>Anderson</u>, 2012 WL 3756512, at *9 (citations omitted); <u>see also</u> <u>Caban v. Rushmore Loan Mgmt. Servs.</u>, CIVIL ACTION FILE NO. 1:18-CV-00393-MHC-JFK, 2018 WL 5260063, at *5 (N.D. Ga. July 23, 2018), adopted by 2018 WL 5262052, at *1 (N.D. Ga. Aug. 16, 2018) (alterations in original) (citations and internal marks omitted) ("The Court of Appeals of Georgia has held that a borrower and its secured lender [or mortgage servicer] have no relationship beyond that imposed [the] contract between them."); <u>Jean v. Am. Home Mortg. Servicing, Inc.</u>, No. 1:11-cv-1101-WSD, 2012 WL 1110090, at *4 (N.D. Ga. Mar. 30, 2012) (citations omitted). Accordingly, Hyatt's

negligence claim "fails for the simple reason that he has not sufficiently pled - identified - any duty or obligation, either under law or contract, that [d]efendant[s] failed to perform." <u>Caban</u>, 2018 WL 5260063, at *5.[13] Therefore, Hyatt has failed to state any plausible claim for relief, and it is **RECOMMENDED** that defendants' motion to dismiss the amended complaint, [Doc. 10], be **GRANTED**.

## C. <u>Hyatt's Motion for Summary Judgment, [Doc. 13]</u>

Hyatt moves for summary judgment and requests that M&T "produce written acknowledgement, under penalty of perjury, that a verifiable debt actually exists from the original []transaction" and "the original wet ink signature of the promissory note for the alleged debt obligation[.]" [Doc. 13 at 1]. Defendants argue that Hyatt's motion is due to be denied for failure to comply with this Court's Local Rules and because it "fails to set forth any cognizable basis for entry of judgment in favor of [Hyatt]," as his motion "fails to clearly identify any particular causes of action on which he seeks relief" and instead "requests that

---

[13] Additionally, as defendants point out, [Doc. 10-1 at 8 (citations omitted)], "Georgia law does not recognize a claim for negligent mortgage servicing," <u>Bilal v. Wells Fargo Bank, N.A.</u>, Civil Action File No. 1:12-CV-3708-TWT, 2014 WL 814228, at *3 (N.D. Ga. Jan. 15, 2014) (citation omitted); <u>see also</u> <u>Anderson</u>, 2012 WL 3756512, at *9 (noting that the court was "unable to find any authority recognizing a tort action for negligent mortgage servicing under Georgia law"). Although it is unclear from the sparse allegations of Hyatt's complaint that he is asserting his negligence claim based on the servicing of a mortgage loan, to the extent that he is, such a claim fails as a matter of law. <u>See</u> <u>Bilal</u>, 2014 WL 814228, at *3 (dismissing plaintiff's claim for negligent mortgage servicing).

M&T provide proof of a 'direct debt obligation' between M&T and [Hyatt] and asks for M&T to 'produce the original wet ink signature of the promissory note,'" even though "this demand is unsupported by legal authority [and] has been rejected time and again by this Court." [Doc. 15 at 2-6 (citations omitted)]. In his reply,[14] Hyatt asserts that defendants' characterization of his "requests as 'frivolous' or 'unintelligible' is slanderous," and that he therefore "wishes to file a claim for defamation,"[15] and he reiterates his prior requests. [Doc. 17 at 2-3 (citing [Doc. 15 at 1])].

As an initial matter, since defendants' motion to dismiss Hyatt's amended complaint is due to be granted, Hyatt's motion for summary judgment has been rendered moot. See Maddox v. Ocwen Loan Servicing, LLC, CIVIL ACTION NO. 1:15-CV-2738-ELR-JCF, 2015 WL 11622455, at *2 (N.D. Ga. Oct. 6, 2015), adopted by 2015 WL 11622456, at *1 (N.D. Ga. Oct. 28, 2015) (granting defendant's motion

---

[14] As defendants point out, [Doc. 20 at 2], Hyatt's reply brief, [Doc. 17], is untimely, see LR 7.1(C) (requiring that a reply brief "be served not later than fourteen [] days after service of the responsive pleading"); see also Fed. R. Civ. P. 6(d). However, the Court will consider this filing in light of Hyatt's *pro se* status, as it does not alter the Court's analysis.

[15] The Court notes that Hyatt "may not amend his [amended c]omplaint by raising new allegations in [his reply] brief." Green v. Waystack, CIVIL ACTION NO. 5:18-cv-00042-TES, 2018 WL 3097019, at *7 n.11 (M.D. Ga. June 22, 2018) (citations omitted); see also Fed. R. Civ. P. 15(a).

to dismiss plaintiff's complaint and denying plaintiff's motion for summary judgment as moot); <u>Ayton v. Toby</u>, No. CV 312-080, 2013 WL 4482448, at *6 (S.D. Ga. Aug. 19, 2013), adopted at *1 (same); <u>King v. Chestang</u>, No. CV 110-098, 2010 WL 4286179, at *1 (S.D. Ga. Oct. 22, 2010) (same); <u>see also</u> <u>Shaw v. Yorke</u>, No. 8:11-cv-00076-EAK-AEP, 2011 WL 2563177, at *3 (M.D. Fla. June 28, 2011) ("Because the complaint is insufficient, [p]laintiffs' [m]otion for [s]ummary [j]udgment is moot."); <u>Stevens v. E. Ala. Health Care Auth.</u>, No. 3:00-CV-1509-F(WO), 2005 WL 3288735, at *7 n.6 (M.D. Ala. Dec. 5, 2005) (citation omitted) ("[T]he [m]otion for [s]ummary [j]udgment [is] moot due to this Court's ruling on the [m]otion to [d]ismiss.").  However, even were it not moot, Hyatt's motion for summary judgment is due to be denied for failure to comply with the Local Rules.

Local Rule 56.1 requires that a movant for summary judgment "include with [his] motion and brief a separate, concise, numbered statement of the material facts to which [ he] contends there is no genuine dispute to be tried."  LR 56.1(B)(1), NDGa.  Hyatt's motion for summary judgment fails to comply with this Court's Local Rules since he has not filed a statement of undisputed material facts with his motion.  <u>See</u> <u>Dalton v. State Farm Fire & Cas. Co.</u>, Civil Action No. 1:12-CV-02848-RWS, 2013 WL 1213270, at *6 (N.D. Ga. Mar. 22, 2013) (concluding that plaintiffs violated Local Rule 56.1(B)(1) by failing to file a statement of material facts in support of their motion and denying their motion on this basis); <u>Hi-Tech Pharms.,</u>

<u>Inc. v. Brady</u>, CIVIL ACTION NO. 1:08-cv-0569-GET, 2008 WL 11417299, at *1 (N.D. Ga. Dec. 16, 2008) (denying defendant's motion for summary judgment where she failed to file a statement of material facts in connection with her motion as required by Local Rule 56.1(b)).[16]  Accordingly, it is **RECOMMENDED** that Hyatt's motion for summary judgment, [Doc. 13], be **DENIED**.

### III.  CONCLUSION

For the foregoing reasons, defendants' motion to dismiss Hyatt's original complaint, [Doc. 7], is **DENIED AS MOOT**, and defendants' motion to stay, [Doc. 12], is **GRANTED**, and it is **RECOMMENDED** that Hyatt's motion for summary judgment, [Doc. 13], be **DENIED**, that defendants' motion to dismiss Hyatt's amended complaint, [Doc. 10], be **GRANTED** and that this action be **DISMISSED**.

---

[16] Additionally, as defendants point out, [Doc. 15 at 2-4], Hyatt has not complied with Local Rule 7.1, which requires that every motion "be accompanied by a memorandum of law which cites supporting authority," LR 7.1(A)(1), NDGa. Hyatt acknowledges this failure in his reply brief and subsequently submitted a memorandum of law in support of his motion.  [Doc. 17 at 4; Doc. 19].  Because Hyatt did not file a memorandum of law with his motion for summary judgment, and instead only filed a memorandum after briefing on this motion had concluded, <u>see</u> [Docs. 15, 17, & 19], he failed to comply with the Local Rules, and his motion is due to be denied for this additional reason, <u>see</u> <u>Adams v. Lockheed Martin Corp.</u>, CIVIL ACTION FILE NO. 1:05-CV-0942-CC, 2006 WL 8432168, at *1 (N.D. Ga. May 2, 2006), adopted by 2006 WL 8432345, at *2 (N.D. Ga. June 19, 2006) (concluding that the *pro se* plaintiff's motion for summary judgment was due to be denied as it "include[d] neither a brief (i.e., memorandum of law) nor a statement of undisputed, material facts").

The Clerk is **DIRECTED** to terminate this referral.

**IT IS SO ORDERED**, **RECOMMENDED**, and **DIRECTED** this 21st day of

May, 2021.

RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE